Amanda L. Genovese
Vincent A. Sama (*pro hac vice*)
Catherine B. Schumacher (*pro hac vice*)
Daphne Morduchowitz (*pro hac vice*)
SEYFARTH SHAW LLP
620 Eighth Avenue
New York, New York 10018
(212) 218-5500

*Attorneys for MSD Defendants*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| CITY OF SOUTHFIELD FIRE AND POLICE RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> HAYWARD HOLDINGS, INC., KEVIN HOLLERAN, EIFION JONES, CCMP CAPITAL ADVISORS, LP, CMP CAPITAL INVESTORS III, L.P., CCMP CAPITAL INVESTORS III (EMPLOYEE), L.P., CCMP CAPITAL ASSOCIATES III, L.P., CCMP CAPITAL ASSOCIATES III GP, LLC, CCMP CAPITAL, LP, AND CCMP CAPITAL GP, LLC, MSD AQUA PARTNERS, LLC, MSD PARTNERS, L.P., MSD PARTNERS (GP), LLC, MARK MCFADDEN, GREG BRENNEMAN, TIMOTHY WALSH, CHRISTOPHER BERTRAND, and KEVIN BROWN, <br><br> Defendants. | Civil Action No.: 2:23-CV-04146-WJM-ESK |

## MEMORANDUM OF LAW OF MSD DEFENDANTS
## IN SUPPORT OF THEIR MOTION TO DISMISS

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ...................................................................................1

FACTS ALLEGED IN THE AMENDED CONSOLIDATED COMPLAINT ...................................................................................................3

    A.    The MSD Entities.................................................................................3

    B.    The MSD Entities' Alleged Relationship With The CCMP Entities And Non-Party AIMCo.........................................................5

    C.    The MSD Individuals .........................................................................6

RELEVANT PROCEDURAL HISTORY .................................................................7

ARGUMENT ...............................................................................................................9

    A.    Standard Of Review ...........................................................................9

    B.    The Section 20(a) "Control Person" Claim (Count II), Which Is The Only Claim Asserted With Respect To The MSD Defendants, Should Be Dismissed Against The MSD Defendants.......................................................................................10

        1.    The Second Amended Complaint Fails To Allege A Primary Violation of Section 10(b) And Rule 10b-5................11

        2.    The Second Amended Complaint Fails To Allege That The MSD Entities Exerted Control Over The Alleged Primary Violators.....................................................................11

        3.    The MSD Entities' Shareholder Status Does Not Support Control Person Liability...............................................14

        4.    The Control Person Claims Against The MSD Individuals Fail ...............................................................................16

CONCLUSION...........................................................................................................18

i

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)..................................................................................................9, 13

*Barbee v. Amira Nature Foods, Ltd.*,
   No. 21-12894, 2024 WL 626302 (D.N.J. Feb. 14, 2024)...................................10

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)..........................................................................................9

*In re BioScrip, Inc. Sec. Litig.*,
   95 F. Supp. 3d 711 (S.D.N.Y. 2015) .................................................................12

*In re Cannavest Corp. Secs. Litig.*,
   307 F. Supp. 3d 222 (S.D.N.Y. 2018) ...............................................................16

*Carmack v. Amaya Inc.*,
   258 F. Supp. 3d 454 (D.N.J. 2017) .........................................................10, 11, 17

*In re Celgene Corp. Sec Litig.*,
   No. 18-4772, 2019 WL 6909463 (D.N.J. Dec. 19, 2019) ...........................10, 11

*In re Cendant Corp. Litig.*,
   60 F. Supp. 2d 354 (D.N.J. 1999)................................................................12, 18

*In re Cognizant Tech. Solutions Corp. Sec. Litig.*,
   No. 2:16-cv-06509, 2018 WL 3772675 (D.N.J. Aug. 8, 2018).........................11

*Dudley v. Haub*,
   No. 11CV05196WJM, 2013 WL 1845519 (D.N.J. Apr. 30, 2013) ...................10

*Fouad v. Isilon Sys., Inc.*,
   No. C07-1764 MJP, 2008 WL 5412397 (W.D. Wash. Dec. 29, 2008) ..........................................................................................................13, 14

*In re Gupta Corp. Securities Litigation*,
   900 F. Supp. 1217 (N.D. Cal. 1994)..................................................................17

ii

*Jeffrey Rappaport M.D., P.A. v. Robin S. Weingast & Assocs., Inc.*,
859 F. Supp. 2d 706 (D.N.J. 2012) ...........................................................................9

*Klein v. Autek Corp.*,
147 F. App'x 270 (3d Cir. 2005) ...............................................................................9

*Laven v. Flanagan*,
695 F. Supp. 800 (D.N.J. 1988) .........................................................................12, 14

*LLDVF, L.P. v. Dinicola*,
No. 09–1280, 2010 WL 3210613 (D.N.J. Aug. 8, 2010) .......................12, 13, 14

*In re Merck & Co., Inc. Sec., Derivative & Erisa Litig.*,
MDL No. 1658, 2012 WL 3779309 (D.N.J. Aug. 29, 2012) .............................11

*In re Merck & Co., Inc. Sec. Litig.*,
432 F.3d 261 (3d Cir. 2005) .....................................................................................10

*O'Sullivan v. Trident Microsystems, Inc.*,
No. 93–20621 RMW, 1994 WL 124453 (N.D. Cal. Jan. 31, 1994)...................17

*In re PDI Sec. Litig.*,
No. 02-011, 2005 WL 2009892 (D.N.J. Aug. 17, 2005).......................................9

*Pension Ben. Guar. Corp. v. White Comol. Indus., Inc.*,
998 F.2d 1192 (3d Cir. 1993) ....................................................................................5

*Rescue Mission of El Paso, Inc. v. K-Sea Transp. Partners L.P.*,
No. 12-CV-00509 WHW, 2013 WL 3087078 (D.N.J. June 14,
2013) .............................................................................................................................17

*Rochez Bros., Inc. v. Rhoades*,
527 F.2d 880 (3d Cir. 1975) ....................................................................................12

*Skeway v. China Nat. Gas, Inc.*,
2012 WL 2877645 (D. Del. July 6, 2012) ............................................................16

*Takata v. Riot Blockchain, Inc.*,
18-2293, 2023 WL 7133219 (D.N.J. Aug. 15, 2023).........................................11

*Universal Am. Corp. v. Partners Healthcare Sols. Holdings, L.P.*,
176 F. Supp. 3d 387 (D. Del. 2016)........................................................................16

iii

*In re Valeant Pharms. Int'l, Inc. Sec. Litig.*,
No. CV157658MASLHG, 2023 WL 3993740 (D.N.J. June 14, 2023) ...................................................................................................9

**Statutes**

17 C.F.R. § 240.10b-5.................................................................*passim*

17 C.F.R. § 240.13d-1 .........................................................................6

15 U.S.C. § 78j(b) ........................................................................*passim*

15 U.S.C. § 78m(d)(3) ........................................................................6

15 U.S.C. § 78t(a) .......................................................................*passim*

15 U.S.C. § 78u-4.........................................................................9, 10

Fed. Rules Civ. Proc. Rule 9(b) ........................................................9

Fed. Rules Civ. Proc. Rule 12(b)(6) ............................................1, 9, 10

**Court Rules**

L.Civ.R. 7.1................................................................................1

L.Civ.R. 7.2................................................................................1

Defendants MSD Aqua Partners, LLC ("MSD Aqua"), MSD Partners, L.P. ("MSD L.P."), MSD Partners (GP), LLC ("MSD GP"), Christopher Bertrand, and Kevin Brown (collectively, the "MSD Defendants")[1] by and through their attorneys, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and Local Rules 7.1 and 7.2, submits this Memorandum of Law in Support of their Motion to Dismiss Plaintiff's Consolidated Amended Class Action Complaint (the "Second Amended Complaint" or "SAC").

## PRELIMINARY STATEMENT

In its October 2, 2024 Opinion and Order, the Court dismissed Plaintiff's primary claim against MSD L.P. with prejudice and made clear that the MSD Entities were not responsible for and did not approve any of the at issue statements. As a result, Plaintiff cannot assert a primary claim against MSD and instead filed the Second Amended Complaint, which seeks to hold MSD L.P. and new MSD Entities and Individuals responsible as control persons based on the same deficient facts at issue in the original consolidated complaint. Plaintiff's additions to the Second Amended Complaint include repeated boilerplate language and purely superficial revisions that do not cure the deficiencies identified by the Court. Despite this third attempt to craft viable claims, the Second Amended Complaint

---

[1] Defendants MSD Aqua, MSD L.P., and MSD GP shall collectively be referred to herein as the "MSD Entities." Defendants Christopher Bertrand and Kevin Brown shall be collectively referred to herein as the "MSD Individuals."

still does not plead a violation of the securities laws and should be dismissed with prejudice.

As an initial matter, as described in the Hayward Defendants' Brief,[2] which the MSD Defendants incorporate by reference, the Second Amended Complaint fails to allege any underlying Section 10(b) and Rule 10b-5 violation, and therefore cannot state a Section 20(a) claim against the MSD Defendants, or any other defendant.

The Section 20(a) control person claim against the MSD Defendants is further defective because the Second Amended Complaint does not include any allegations suggesting that the MSD Defendants actually controlled Hayward Holdings, Inc. ("Hayward" or the "Company") or any other purported primary violator, but seeks to create control person liability for the MSD Defendants based solely on the MSD Individuals' position on the Hayward Board of Directors (the "Board" or the "Hayward Board") and one of the MSD Entities' ability to appoint such individuals. These allegations are insufficient as a matter of law.

The Second Amended Complaint concedes that the MSD Entities' status as 31% shareholder of Hayward is insufficient to create control person liability but

---

[2] The "Hayward Defendants' Brief" refers to the Memorandum of Law in Support of the Hayward Defendants' Motion to Dismiss the Amended Consolidated Class Action Complaint and accompanying papers.

improperly seeks to group the MSD and CCMP Entities[3] together. The MSD and CCMP Entities were separate shareholders of Hayward and must be treated as such for purposes of the Section 20(a) analysis.

All of the above failures warrant dismissal of the Section 20(a) claims against the MSD Defendants with prejudice.

<u>**FACTS ALLEGED IN THE**</u>
<u>**AMENDED CONSOLIDATED COMPLAINT**</u>

The MSD Defendants respectfully refer the Court to the Hayward Defendants' Brief for a recounting of the factual background in this action, and set forth further factual background particularly relevant to the MSD Defendants as follows.

**A.    The MSD Entities**

The Second Amended Complaint identifies MSD Aqua as a direct owner of a non-majority percentage of Hayward stock (31%) and MSD L.P. and MSD GP as the "beneficial owners" of such stock. SAC ¶¶ 41-43, 52. The Second Amended Complaint alleges that MSD L.P. is the investment manager of MSD Aqua and the general partner of MSD GP. *Id.*

MSD L.P. is alleged to have been involved in the appointment of Defendants Bertrand and Brown to the Hayward Board of Directors. SAC ¶¶ 39, 44-45, 321.

---

[3] The "CCMP Entities" shall refer to Defendants CCMP Capital Advisors, LP, CCMP Capital Investors III, L.P. and CCMP Capital Investors III (Employee), L.P.

3

MSD L.P., however, is not alleged to have had any involvement in the operations of Hayward or the Hayward Board nor is it alleged to have overseen the work conducted by Defendants Bertrand and Brown in their capacities as Hayward directors generally or with respect to the statements at issue.

Defendants MSD Aqua and MSD GP, who were not named in the original consolidated complaint, are not alleged to have had any involvement in the appointment of the MSD Individuals or with their work at Hayward, much less control over the operations of Hayward or its Board. None of the MSD Entities are alleged to have been involved, in any way, in the at issue statements made by Hayward.

The Second Amended Complaint also includes an entirely general and unsupported conclusory allegation that as shareholders "CCMP and MSD Entities installed the majority of Hayward's Board and replaced Hayward's senior management with their hand-picked executives to run the Company." *Id.* ¶ 54.

The Second Amended Complaint further alleges that CCMP Entities and MSD Entities used their control to sell stock at inflated prices, including during the Class Period,[4] *id.* ¶ 338, but fails to identify a *single* sale of stock by any MSD Defendant during the putative Class Period. To the contrary, MSD Aqua remained

---

[4] The "Class Period" refers to October 27, 2021 through July 28, 2022. SAC ¶ 1.

31% shareholder throughout the Class Period, and would have no motive to artificially inflate the price of the stock.

**B.    The MSD Entities' Alleged Relationship With The CCMP Entities And Non-Party AIMCo**

The Second Amended Complaint alleges that MSD Aqua with co-defendants CCMP Entities and non-party Alberta Investment Management ("AIMCo") owned a majority of Hayward common stock but concedes that no entity, on its own, owned a majority of such stock. *Id.* ¶ 52.

According to the Second Amended Complaint these three entities entered into an Amended and Restated Stockholders' Agreement (the "AARSA") for Hayward, which Plaintiff incorrectly alleges indicates that the CCMP and MSD Entities coordinated to control the Company. *Id.* ¶ 323. In reality, the clear language of the AARSA[5] states only that the parties were required to use

---

[5] As this Court held in its October 2, 2024 Opinion and Order dismissing the original consolidated complaint, on a motion to dismiss, a Court may "consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *See* ECF 89- –90 (the "Dismissal Order") (quoting *Pension Ben. Guar. Corp. v. White Comol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)) at 8. As such, the Court may consider the AARSA, which is relied upon and incorporated by reference in the Second Amended Complaint. *See, e.g.,* SAC ¶¶ 290, 323-324. *See* Ex. 10 to Declaration of Scott W. Parker, dated December 18, 2024, submitted in support of the Motion to Dismiss of Defendants CCMP Capital Advisors, LP, CCMP Capital Investors III, L.P., CCMP Capital Investors III (Employee), L.P., CCMP Capital Associates III, L.P., CCMP Capital Associates III GP, LLC, CCMP Capital, LP, and CCMP Capital GP, LLC, Greg Brenneman, Mark McFadden, and Timothy Walsh ("Parker Decl.").

"commercially reasonable efforts to coordinate with respect to the *timing and manner of disposition*" of Hayward shares. *See* Parker Decl. Ex. 10 at Article II, Section 2.2(f) (emphasis added). As a result, MSD L.P., MSD Aqua and others filed SEC disclosures noting that certain provisions under the AARSA mandate treatment as a group for purposes of Section 13(d) of the Securities Exchange Act of 1934. SAC ¶¶ 325-26.[6]

### C.   The MSD Individuals

Defendants Bertrand and Brown were not named in the original consolidated complaint. ECF No. 41. According to the Second Amended Complaint, during the Class Period, Defendants Bertrand and Brown were Managing Director and Co-Head of MSD L.P.'s Private Capital Group, respectively. SAC ¶¶ 44-45.

The Second Amended Complaint alleges that Defendants Bertrand and Brown were Hayward directors during the Class Period, that Defendant Bertrand served on Hayward's Audit Committee during Fiscal Year 2021 until February 2022, and that Defendant Brown served on Hayward's Compensation Committee during some unidentified time period *Id.* In their capacity as Hayward Board members, Defendants Bertrand and Brown, are alleged to have signed: (1) Hayward's March 9, 2022 FY 2021 Form 10-K (the "2021 Form 10-K"); and (2) Hayward's May 2, 2022 Form S-3 (the "Form S-3"). *Id.* ¶¶ 192, 229.

---

[6] Under Section 13(d), "group" status is based on "acquiring, holding, or disposing of securities". 15 U.S.C. § 78m(d)(3); *see also* 17 C.F.R. § 240.13d-1.

In addition, the Second Amended Complaint seeks to create control person liability with respect to Defendant Bertrand, based on the allegation that as a member of Hayward's Audit Committee during Fiscal Year 2021 until February 2022, Defendant Bertrand would have reviewed and approved Hayward's Form 10-Q for 3Q-21 (the "Form 10-Q for 3Q-2021"). *Id.* ¶¶ 44, 321. The Second Amended Complaint does not identify any other at issue statements that either Defendant Bertrand or Brown allegedly controlled.

## RELEVANT PROCEDURAL HISTORY

Two separate initial complaints were filed on August 2, 2023 and September 28, 2023, respectively. This Court consolidated the actions and appointed Lead Plaintiff who filed a consolidated complaint, which amended the previous complaints. ECF No. 41. MSD L.P. was the only MSD Defendant named as a party therein.

On October 2, 2024, after briefing on the motion to dismiss, this Court issued an Opinion and Order dismissing the consolidated complaint with leave to replead certain specific claims but with prejudice as to the Section 10(b) and Rule 10b-5 claims against MSD L.P. and CCMP Capital Advisors LP. ECF No. 90. In dismissing the Section 10(b) and Rule 10b-5 claims with prejudice against MSD L.P., this Court noted:

> Plaintiff seeks to attribute Hayward's statements to MSD . . . based on its assumption that affiliated Hayward directors signed the risk disclosures as MSD . . . designees. . . . *[N]o factual allegations*

7

*suggest that the affiliated Hayward directors signed Hayward's risk disclosures as agents of or on behalf of MSD . . . Nor has Plaintiff identified any authority to support its position that statements made by Hayward's board members in an SEC filing are imputed to MSD . . . solely based on the allegation that certain board members are affiliated with MSD[.].*

*Id.* at 11-12 (emphasis added).

This Court identified a number of deficiencies in the Section 10(b) and Rule 10b-5 claims against Hayward and provided Plaintiff leave to file an amended consolidated complaint to address those deficiencies and the resulting deficiencies in the Section 20(a) claim. The Court also concluded that the wrong CCMP entity was named in the original consolidated complaint and provided Plaintiff with leave to name the proper CCMP entity. The Court did not grant leave to amend the pleadings to assert claims against any wholly new MSD entities or individuals who were not previously parties to the action.

On November 1, 2024, Plaintiff filed the Second Amended Complaint, which named numerous new MSD Defendants, who were never parties to this action previously, including Defendants Bertrand, Brown, MSD Aqua and MSD GP. ECF No. 91. For the reasons described below, Plaintiff's superficial additions to the Second Amended Complaint do not cure the deficiencies in Plaintiff's claims previously identified by this Court.

8

## ARGUMENT

### A.   Standard Of Review

A complaint must be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure unless it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). However, where "allegations contained in a complaint are contradicted by the document it cites, the document controls." *Jeffrey Rappaport M.D., P.A. v. Robin S. Weingast & Assocs., Inc.*, 859 F. Supp. 2d 706, 714 (D.N.J. 2012) (quoting *In re PDI Sec. Litig.*, No. 02-011, 2005 WL 2009892, *21 (D.N.J. Aug. 17, 2005)).

A complaint asserting federal securities fraud also must satisfy the requirements of Rule 9(b) of the Federal Rule of Civil Procedure ("Rule 9(b)"), which requires that the circumstances constituting the alleged fraud be "state[d] with particularity." *See In re Valeant Pharms. Int'l, Inc. Sec. Litig.*, No. CV157658MASLHG, 2023 WL 3993740, at *3 (D.N.J. June 14, 2023); *see also Klein v. Autek Corp.*, 147 F. App'x 270, 274 (3d Cir. 2005). In addition, a federal securities fraud claim must satisfy the heightened pleading requirements of the Private Securities Litigation Reform Act, 15 U.S.C. § 78u-4, which requires that the complaint set forth particular facts regarding each of the alleged misstatements or omissions, 15 U.S.C. § 78u 4(b)(1), as well as particular facts that give rise to a

9

"strong inference" that the defendant acted with the requisite scienter, 15 U.S.C. § 78u 4(b)(2).

### B.  The Section 20(a) "Control Person" Claim (Count II), Which Is The Only Claim Asserted With Respect To The MSD Defendants, Should Be Dismissed Against The MSD Defendants

"Section 20(a) of the Exchange Act imposes joint and several liability on any individual who exercises control over a 'controlled person' who violates Section 10(b)." *Carmack v. Amaya Inc.*, 258 F. Supp. 3d 454, 466 (D.N.J. 2017) (citing 15 U.S.C § 78t(a); *In re Merck & Co., Inc. Sec. Litig.*, 432 F.3d 261, 275 (3d Cir. 2005)); *see also In re Celgene Corp. Sec Litig.*, No. 18-4772, 2019 WL 6909463, at *22 (D.N.J. Dec. 19, 2019) (same). "[L]iability under Section 20(a) is contingent upon sufficiently pleading an underlying violation of Section 10(b) by the controlled person." *Carmack*, 258 F. Supp. 3d at 466; *Celgene*, 2019 WL 6909463, at *22. The three elements to state a claim under Section 20(a) in the Third Circuit are "(1) the defendant controlled another person or entity; (2) the controlled person or entity committed a primary violation of the securities laws; and (3) the defendant was a culpable participant in the fraud."[7] *Id.* The Second

---

[7] While the Third Circuit has not yet addressed whether culpable participation must be pled with particularity and this Court has found that it is not required at the pleading stage, *Dudley v. Haub*, No. 11CV05196WJM, 2013 WL 1845519, at *20 n.5 (D.N.J. Apr. 30, 2013) (internal citations omitted), many District Courts within the Third Circuit have held that culpable participation must be alleged to state a claim under Section 20(a) and have granted Rule 12(b)(6) motions dismissing Section 20(a) claims for such failure. *See, e.g., Barbee v. Amira Nature Foods, Ltd.*, No. 21-12894, 2024 WL 626302, at *7 (D.N.J. Feb. 14, 2024); *Carmack*, 258

Amended Complaint fails to sufficiently allege any of these three elements as to any of the MSD Defendants and therefore it must be dismissed.

1.      The Second Amended Complaint Fails To Allege A Primary Violation of Section 10(b) And Rule 10b-5

As set forth more fully in the Hayward Defendants' Brief, the Second Amended Complaint fails to state an underlying violation of Section 10(b) and Rule 10b-5. On this basis alone, the Section 20(a) claim against the MSD Defendants must be dismissed. *See e.g., Takata v. Riot Blockchain, Inc*., 18-2293, 2023 WL 7133219, at *12 (D.N.J. Aug. 15, 2023). *See also* Dismissal Order at 13.

2.      The Second Amended Complaint Fails To Allege That The MSD Entities Exerted Control Over The Alleged Primary Violators

Even if the Second Amended Complaint properly pled a primary violation—which it does not—the Section 20(a) claim against the MSD Entities warrants dismissal because Plaintiff fails to allege that the MSD Entities asserted actual

---

F. Supp. 3d at 469; *see also Celgene*, 2019 WL 6909463, at *23; *In re Cognizant Tech. Solutions Corp. Sec. Litig.*, No. 2:16-cv-06509, 2018 WL 3772675, at *35 (D.N.J. Aug. 8, 2018); *In re Merck & Co., Inc. Sec., Derivative & Erisa Litig.*, MDL No. 1658, 2012 WL 3779309, at *10-11 (D.N.J. Aug. 29, 2012). The Second Amended Complaint fails to identify *any* participation by the MSD Entities in Hayward operations, let alone culpable participation. While the Second Amended Complaint does identify two at issue-statements allegedly signed by the MSD Individuals and one allegedly reviewed by Bertrand, it does not allege that Defendants Bertrand and Brown had *any* actual or constructive knowledge that the statements contained therein were inaccurate or incomplete in any manner. Thus, the Section 20(a) claim is further deficient for failure to allege culpable participation. and should be dismissed.

control over Hayward or any other alleged primary violator. *See In re Cendant Corp. Litig.*, 60 F. Supp. 2d 354, 367 (D.N.J. 1999) (quoting *Rochez Bros., Inc. v. Rhoades*, 527 F.2d 880, 890-91 (3d Cir. 1975)).

The Second Amended Complaint regurgitates the same generic and deficient arguments of control asserted in the original consolidated complaint, which focused on MSD L.P.'s alleged ability to appoint certain Hayward executives. The case law is clear that Section 20(a) liability does not lie from simply having an ability to appoint officers or directors, even when such officers or directors were signatories on public filings that are the subject of the underlying claims. *LLDVF, L.P. v. Dinicola*, No. 09–1280, 2010 WL 3210613, at *13 (D.N.J. Aug. 8, 2010) ("allegations of control have been found to be insufficient where the plaintiff merely alleged that the defendant owned thirty percent of the voting stock and selected three of nine board members") (collecting cases); *Laven v. Flanagan*, 695 F. Supp. 800, 807 (D.N.J. 1988) ("control exercised over [company] . . . as directors cannot be imputed to [second company] . . . merely because a director concurrently serves as an officer of the second company"); *see also In re BioScrip, Inc. Sec. Litig.*, 95 F. Supp. 3d 711, 740 (S.D.N.Y. 2015) ("the ability to appoint a quarter of [the company's] board and owning about a quarter of the company's common stock afforded [defendant] a great deal of sway over [the company], but that alone does not rise to the level of actual control.") (collecting cases); *Fouad v. Isilon Sys., Inc.*, No. C07-1764 MJP, 2008 WL 5412397, at *13 (W.D. Wash. Dec.

12

29, 2008) (dismissing control-person claims against minority shareholders who each appointed members of the board that signed public filings).[8]

This is especially true since the Second Amended Complaint is devoid of any allegations that the MSD L.P. (or any of the MSD Entities) oversaw Defendants Bertrand's and Brown's service on the Hayward Board or support for the entirely conclusory allegation that the MSD Entities were involved in Hayward operations. The Amended Complaint is devoid of any specified allegations that the MSD Entities had any role in Hayward's day-to-day "business and operations." *LLDVF*, 2010 WL 3210613, at *12. Instead, the Second Amended Complaint alleges in a conclusory fashion, without any factual support, that the MSD Entities "had significant influence and control over Hayward, its business, and its affairs" without explaining how. *See, e.g.,* SAC ¶ 366; *see also id*. ¶¶ 321, 329. These "'[t]hreadbare recitals of the elements of' a control person "cause of action, supported by mere conclusory statements,'" cannot survive a motion to dismiss. *Iqbal*, 556 U.S. at 678.

MSD L.P.'s ability to appoint two Hayward directors, without more, cannot establish its control under Section 20(a). These deficient allegations are even

---

[8] Though not detailed in the court's opinion, as is made clear in the operative complaint in *Fouad*, each of the appointed directors were partners or officers of the respective investor firms that appointed them, and each of these directors was alleged to have signed public filings at issue in the case. *See Faud* consolidated complaint, 2:07-cv-01764-MJP (W.D.Wash.), ECF No. 54 ¶¶ 31, 34, 35, 45–47.

13

weaker with respect to MSD Aqua and MSD GP who are not alleged to have been involved in the appointment of any Hayward directors or to have been involved in the activities of Hayward or its Board.

3.      The MSD Entities' Shareholder Status Does Not Support Control Person Liability

Allegations that a defendant was a large shareholder of a company, without more, are likewise insufficient to establish control. *LLDVF,* 2010 WL 3210613, at *13 ("allegations of control have been found to be insufficient where the plaintiff merely alleged that the defendant owned thirty percent of the voting stock . . .") (collecting cases); *Laven,* 695 F. Supp. at 807-08; *see also Fouad,* 2008 WL 5412397, at *13 (refusing to impose control person liability on three venture capital firms that collectively owned a majority of the underlying company's stock). The MSD Entities were *never* controlling shareholders of Hayward and instead only owned 31% of Hayward's stock during the Class Period.

Plaintiff improperly and without any support seeks to treat the MSD and CCMP Entities (along with non-party AIMCo in some instances)[9] as a single entity

---

[9] The MSD Entities did not exert any control over AIMCo. As discussed in CCMP Defendants' Brief, which is incorporated by reference herein, the Amended Complaint's baseless and conclusory allegation to the contrary is premised upon a distortion of the AARSA. *See* Defendants CCMP Capital Advisors, LP, CCMP Capital Investors II, L.P., CCMP Capital Investors III (Employee), L.P., CCMP Capital Associates III, L.P., CCMP Capital Associates III GP, LLC, CCMP Capital, LP, CCMP Capital GP, LLC, Mark McFadden, Timothy Walsh and Greg Brenneman's Brief in Support of Their Motion to Dismiss the Consolidated Amended Class Action Complaint ("CCMP Defendants' Brief") at 20-21.

in an attempt to manufacture majority controlling shareholder status. For example, the Second Amended Complaint incorrectly suggests that the AARSA indicates joint control of the Company. As discussed in further detail in CCMP Defendants' Brief, however, the clear language of the AARSA simply references using "commercially reasonable efforts to coordinate with respect to the timing and manner of disposition" of shares and is not an indication of joint control.[10] SAC ¶ 323.

Plaintiff further tries to manufacture CCMP and MSD Entities' purported "control" by alleging that CCMP, MSD along with AIMCo appointed a majority of Hayward's directors during the Class Period. However, the Second Amended Complaint only identifies *five* members of Hayward's 12-13 person Board that were allegedly affiliated with the CCMP and/or MSD Entities during the Class Period. SAC ¶ 332.

In sum, Plaintiff's attempt to treat CCMP and MSD as a single "consortium" is wholly conclusory and without basis. The Second Amended Complaint does not

---

[10] Plaintiff's claim that the CCMP and MSD Entities used their purported control to "sell significant amounts of stock" through a March 2022 "share repurchase program" and "May 2022 secondary public offering," SAC ¶ 338, is also patently false. In fact, Plaintiff concedes that MSD did not sell any stock in the share repurchase program or secondary public offering. *Id*. ¶¶ 3, 27, 40. This undermines Plaintiff's theory of the case as MSD remains a large shareholder of the Company and did not sell any stock during the class period.

allege the MSD Entities, who were non-majority shareholders at all relevant times, "controlled" Hayward, thus requiring dismissal of the Section 20(a) claim.

### 4. The Control Person Claims Against The MSD Individuals Fail

The Section 20(a) claim against the MSD Individuals rests entirely on their status as Hayward directors and their signature, as members of the Hayward Board, on SEC filings containing two of the at issue statements and Defendant Bertrand's alleged approval of a third. These allegations are insufficient.

As a preliminary matter, director status or membership on Board committees (including audit committees or compensation committees as alleged here) is insufficient to establish that an individual is a controlling person under Section 20(a). *See, e.g., In re Cannavest Corp. Secs. Litig.*, 307 F. Supp. 3d 222, 254 (S.D.N.Y. 2018) ("Neither director status nor mere membership on an audit committee, standing alone, is sufficient to demonstrate actual control over a company[.]"); *Universal Am. Corp. v. Partners Healthcare Sols. Holdings, L.P.*, 176 F. Supp. 3d 387, 397 (D. Del. 2016) ("it is well-settled that the mere fact that an individual is a director of a firm is not sufficient to show he is a controlling person of the firm.") (internal quotation omitted) (dismissing 20(a) claims against directors); *Skeway v. China Nat. Gas, Inc.*, 2012 WL 2877645, at *1 (D. Del. July 6, 2012) ("bare fact" that defendant "was a member of the Board of Directors and on the Audit Committee" was "insufficient to show control"); *In re Gupta Corp. Securities Litigation,* 900 F. Supp. 1217, 1243 (N.D. Cal. 1994) ("The status of

16

[Defendants] as outside directors is insufficient to make them control persons. Directors are not automatically liable as controlling persons.") (dismissing 20(a) claims against directors); *O'Sullivan v. Trident Microsystems, Inc.,* No. 93–20621 RMW, 1994 WL 124453, at *18–19 (N.D. Cal. Jan. 31, 1994) (same); *see also Rescue Mission of El Paso, Inc. v. K-Sea Transp. Partners L.P.*, No. 12-CV-00509 WHW, 2013 WL 3087078, at *28 (D.N.J. June 14, 2013) (rejecting argument that director defendants were liable for statements at issue based solely on "their positions of control and authority"). General allegations that a board member "controlled the contents of [the] financial reports and press releases" at issue and therefore "could have prevented the issuance of false statements" are also insufficient to show control. *In re Gupta*, 900 F. Supp. at 1243. *See also Carmack,* 258 F. Supp. 3d at 469 ("The conclusory statement that [defendant] was 'able to, and did, control the contents of the various reports, press releases, and public filings,' is insufficient to" allege control) (citation omitted). Thus, the allegations that Defendants Brown and Bertrand served on Hayward's Board and certain committees and generally "reviewed and approved" allegedly misleading statements issued by Hayward are insufficient to establish control. SAC ¶¶ 321, 376.

Beyond the legally insufficient attempt to depict the Individual Defendants as control persons based on their position on the Hayward Board, the Second Amended Complaint identifies two documents (out of dozens of at issue

17

statements) which Defendants Bertrand and Brown are alleged to have signed (the 2021 FY 10-K and S-3). For the reasons described in the Hayward Defendants' Moving Brief, the challenged statements in those documents are not actionable under 10(b) and Rule 10b-5 and accordingly cannot serve as the basis of any Section 20(a) claim against them (or any other MSD Defendant). *In re Cendant*, 60 F. Supp. 2d at 367.

## CONCLUSION

For the foregoing reasons and the reasons set forth in the Hayward Defendants' Brief and CCMP Defendants' Brief, the MSD Defendants respectfully requests that the Court dismiss the Second Amended Complaint in its entirety, with prejudice, and grant it any such and further relief as the Court deems just and proper.

18

Dated: December 18, 2024

SEYFARTH SHAW LLP


By: */s/ Amanda L. Genovese*
Amanda L. Genovese
Vincent A. Sama *(pro hac vice)*
Catherine B. Schumacher *(pro hac vice)*
Daphne Morduchowitz *(pro hac vice)*
Sarah A. Fedner *(pro hac vice)*
Matthew C. Catalano *(pro hac vice)*
620 Eighth Ave
New York, NY 10018
Phone: (212) 218-5500
Fax: (212) 218-5526
agenovese@seyfarth.com
vsama@seyfarth.com
cschumacher@seyfarth.com
dmorduchowitz@seyfarth.com
sfedner@seyfarth.com
mcatalano@seyfarth.com

*Attorneys for MSD Defendants*

19