**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CITY OF SOUTHFIELD FIRE AND POLICE RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, | Civil Action No. 2:23-cv-04146 |
| Plaintiff, | Motion Day: March 17, 2025 |
| v. | Oral Argument Requested |
| HAYWARD HOLDINGS, INC., KEVIN HOLLERAN, EIFION JONES, CCMP CAPITAL ADVISORS, LP, CCMP CAPITAL INVESTORS III, L.P., CCMP CAPITAL INVESTORS III (EMPLOYEE), L.P., CCMP CAPITAL ASSOCIATES III, L.P., CCMP CAPITAL ASSOCIATES III GP, LLC, CCMP CAPITAL, LP, AND CCMP CAPITAL GP, LLC, MSD AQUA PARTNERS, LLC, MSD PARTNERS, L.P., MSD PARTNERS (GP), LLC, MARK MCFADDEN, GREG BRENNEMAN, TIMOTHY WALSH, CHRISTOPHER BERTRAND, and KEVIN BROWN, | |
| Defendants. | |

**DEFENDANTS CCMP CAPITAL ADVISORS, LP, CCMP CAPITAL INVESTORS III, L.P., CCMP CAPITAL INVESTORS III (EMPLOYEE), L.P., CCMP CAPITAL ASSOCIATES III, L.P., CCMP CAPITAL ASSOCIATES III GP, LLC, CCMP CAPITAL, LP, CCMP CAPITAL GP, LLC, MARK MCFADDEN, TIMOTHY WALSH, AND GREG BRENNEMAN'S REPLY IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS THE CONSOLIDATED AMENDED <u>CLASS ACTION COMPLAINT</u>**

1

PARKER IBRAHIM & BERG LLP
Scott W. Parker
Marissa Edwards
270 Davidson Avenue, 5th Floor
Somerset, New Jersey 08873
(908) 333-6220

WILLKIE FARR & GALLAGHER LLP
Tariq Mundiya (admitted *pro hac vice*)
787 Seventh Avenue
New York, NY 10019-6099
(212) 728-8000

Joshua S. Levy (admitted *pro hac vice*)
1875 K Street, N.W.
Washington, DC 20006-1238
(202) 303-1000

*Attorneys for Defendants CCMP Capital Advisors, LP, CCMP Capital Investors III, L.P., CCMP Capital Investors III (Employee), L.P., CCMP Capital Associates III, L.P., CCMP Capital Associates III GP, LLC, CCMP Capital, LP, CCMP Capital GP, LLC, Greg Brenneman, Mark McFadden, and Timothy Walsh*

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ...............................................................................1

ARGUMENT ........................................................................................................4

I.      Plaintiff's Opposition Confirms Its Failure To Adequately Plead Control Person Liability Against The CCMP Entities Or The CCMP Defendants ...............................................................................................4

      A.      The CCMP Entities Are Not Control Persons......................................5

      B.      The CCMP Individual Defendants Are Not Control Persons.............13

II.     Plaintiff's Opposition Confirms That CCMP Advisors Must Be Dismissed Because It Is An Improper Party..................................................14

CONCLUSION ...................................................................................................15

# TABLE OF AUTHORITIES

**Cases**                                                                        *Page(s)*

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009).................................................................................4, 5

*In re Avandia Mktg., Sales Pracs., & Prods. Liab. Litig.*,
    564 F. App'x 672 (3d Cir. 2014) ...........................................................15

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)..............................................................................4, 5

*Dudley v. Haub*,
    2013 WL 1845519 (D.N.J. Apr. 30, 2013)...............................................4

*In re Flag Telecom Holdings, Ltd. Sec. Litig.*,
    308 F. Supp. 2d 249 (S.D.N.Y. 2004) ...................................................13

*Fouad v. Isilon Sys., Inc.*,
    2008 WL 5412397 (W.D. Wash. Dec. 29, 2008) .....................................8

*Imagine Lifestyles, LLC v. Perry*,
    2020 WL 113967 (D.N.J. Jan. 10, 2020)..................................................7

*Jeffrey Rapaport M.D., P.A. v. Robin S. Weingast & Assocs., Inc.*,
    859 F. Supp. 2d 706 (D.N.J. 2012).........................................................8

*Lake v. Arnold*,
    232 F.3d 360 (3d Cir. 2000) ..................................................................15

*LLDVF L.P. v. Dinicola*,
    2010 WL 3210613 (D.N.J. Aug. 12, 2010) ......................................12, 13

*In re MicroStrategy, Inc. Sec. Litig.*,
    115 F. Supp. 2d 620 (E.D. Va. 2000) ......................................................5

*No. 84 Employer-Teamster Joint Council Pension Tr. Fund v. Am. W.
    Holding Corp.*,
    320 F.3d 920 (9th Cir. 2003) ...................................................................8

*In re Optimal U.S. Litig.*,
    2011 WL 4908745 (S.D.N.Y Aug. 15, 2012).........................................11

*Palladin Partners v. Gaon*,
  2006 WL 2460650 (D.N.J. Aug. 22, 2006) ...................................................4, 5, 14

*In re Proxima Corp. Sec. Litig.*,
  1994 WL 374306 (S.D. Cal. May 3, 1994) .......................................................12

*In re Suprema Specialties, Inc. Sec. Litig.*,
  438 F.3d 256 (3d Cir. 2006) ...........................................................................12

*Thomas v. Magnachip Semiconductor Corp.*,
  167 F. Supp. 3d 1029 (N.D. Cal. 2016)............................................................12

*In re UTStarcom, Inc. Sec. Litig.*,
  617 F. Supp. 2d 964 (N.D. Cal. 2009)..............................................................12

**Statute and Regulations**

15 U.S.C. § 78m(d)(3) ....................................................................................7

17 C.F.R. § 230.405 .....................................................................................5, 9

17 C.F.R. § 240.12b–2(f) ................................................................................5

17 C.F.R. § 240.13d–5(b)(1)(i)........................................................................7

Pursuant to this Court's November 18, 2024 Order (ECF No. 94) and Local Civil Rule 7.1(d)(3), the CCMP Entities and the CCMP Individual Defendants respectfully submit this Reply To Plaintiff's Consolidated Opposition To Motions To Dismiss Filed By The CCMP Entities, CCMP Individual Defendants, And MSD ("Opposition" or "Opp."; ECF No. 100).[1]

## PRELIMINARY STATEMENT

Plaintiff's Opposition does not meaningfully engage with the CCMP Entities' and CCMP Individual Defendants' opening brief and simply repeats the allegations in the SAC while ignoring all of the facts and law that require dismissal. Plaintiff insists incorrectly that its mischaracterizations "must be taken as true on a motion to dismiss." (Opp. at 20–21.) But Plaintiff ignores the plain language of the Agreement, which controls over Plaintiff's false allegations, and ignores this Court's MTD Opinion, which expressly rejected many of the arguments Plaintiff repeats. Plaintiff's Opposition thus confirms that its claims against the CCMP Entities and the CCMP Individual Defendants (and all the other Defendants) should be dismissed with prejudice.

---

[1] All capitalized terms have the same meanings as in the CCMP Entities' and CCMP Individual Defendants' Brief In Support Of Their Motion To Dismiss The Consolidated Amended Class Action Complaint ("CCMP Br."; ECF No. 96-1) and the Memorandum Of Law Of MSD Defendants In Support Of Their Motion To Dismiss (ECF No. 95-1); all emphasis is added, unless otherwise indicated; and all alterations, citations, and quotations are omitted, unless otherwise indicated.

1

*First*, Plaintiff admits that the CCMP Entities and CCMP Individual Defendants cannot be held secondarily liable as "control persons" without a primary violation for securities fraud. Because Plaintiff failed to adequately allege a primary violation for the reasons stated in Hayward's motion to dismiss (ECF No. 97-1), its secondary control person claims must be dismissed.

*Second*, even if Plaintiff adequately alleged a primary violation (which it does not), Plaintiff fails to show that the CCMP Entities controlled Hayward. Plaintiff does not dispute that it is unable to identify a single action the CCMP Entities took to participate in Hayward's day-to-day management, Hayward's operations, or the preparation or drafting of any challenged statements. Plaintiff also does not—and cannot—dispute that the CCMP Funds were minority shareholders that appointed a minority of Hayward's Board of Directors, which Plaintiff admits cannot support control person liability. Instead, Plaintiff tries to conflate the CCMP Funds with the MSD Entities and AIMCo to invent a nonexistent controlling "group" by mischaracterizing their Agreement and misreading their SEC disclosures. Plaintiff also tries to impute the CCMP-affiliated directors' signatures on certain Hayward SEC disclosures to the CCMP Funds, which this Court expressly rejected in its MTD Opinion. At bottom, Plaintiff relies on vague assertions that the CCMP Entities had "significant influence" over Hayward, which is insufficient to support control person liability as a matter of law.

2

***Third***, Plaintiff fails to show that the CCMP Individual Defendants controlled Hayward.  Plaintiff does not even try to argue that the CCMP Individual Defendants had any role, let alone a controlling one, with respect to Hayward's management's oral statements and presentations or Hayward's press releases, which contain the overwhelming majority of challenged statements.  Plaintiff also does not—and cannot—dispute that each CCMP Individual Defendant had only a minority vote on the Board and its committees, which is insufficient to support control person liability as a matter of law.  Instead, Plaintiff relies almost exclusively on the fact that the CCMP Individual Defendants signed two of Hayward's SEC disclosures, which contain only a handful of challenged statements.  But the CCMP Individual Defendants cannot be held secondarily liable for these challenged statements as control persons because there is no primary liability for these statements.

***Finally***, CCMP Advisors must be dismissed because it is an improper party for the reasons stated in this Court's MTD Opinion.  CCMP Advisors never bought, sold, or owned any Hayward stock, and this Court has already rejected Plaintiff's efforts to disregard corporate structure to treat all CCMP Entities as one.

Accordingly, all claims against the CCMP Entities and CCMP Individual Defendants should be dismissed with prejudice.

## ARGUMENT

**I.    Plaintiff's Opposition Confirms Its Failure To Adequately Plead Control Person Liability Against The CCMP Entities Or The CCMP Defendants.**

Plaintiff acknowledges that "[t]o state a claim under §20(a), a plaintiff must allege [] a primary violation by a controlled person or entity."  (Opp. at 13 (citing *Dudley v. Haub*, 2013 WL 1845519, at *20 (D.N.J. Apr. 30, 2013) (Martini, J.)); *see also id.* at 15 (Plaintiff must "allege[] a primary violation of Rule 10b-5 by the Hayward Defendants" as "the first element of its §20(a) claim").)  Because Plaintiff fails to allege primary liability under Section 10(b) for the reasons stated in Hayward's motion to dismiss, Plaintiff's Section 20(a) claim must be dismissed. (*See* MTD Op. at 13; CCMP Br. at 11 (collecting cases).)

Plaintiff also acknowledges that it must allege "'circumstances establishing control' over the primary violator."  (Opp. at 13 (quoting *Dudley*, 2013 WL 1845519, at *20).)  Plaintiff argues that "[c]laims under §20(a) are analyzed under Rule 8," but misstates the Rule 8 pleading standard by relying on outdated cases that precede the Supreme Court's seminal decisions in *Twombly* and *Iqbal*.  (*Id.* at 13–15.)  It is no longer sufficient to "survive a motion to dismiss" to "plead *any facts*" that "support a reasonable inference that defendants had the *potential* to influence and direct the activities of the primary violator."  (*Id.* at 13–14 (quoting *Palladin Partners v. Gaon*, 2006 WL 2460650, at *16 (D.N.J. Aug. 22, 2006) (Martini, J.);

4

*In re MicroStrategy, Inc. Sec. Litig.*, 115 F. Supp. 2d 620, 661 (E.D. Va. 2000)).)[2]

Under current Supreme Court precedent, the complaint must satisfy the "'plausibility standard,'" which requires dismissal where "the plaintiff has failed to plead 'enough facts to state a claim to relief that is plausible on its face.'" (MTD Op. at 7–8 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).) Thus, to survive dismissal, Plaintiff must allege facts showing that the CCMP Entities and CCMP Individual Defendants had "'the power to direct or cause the direction of the management and policies of'" Hayward (Opp. at 20–21 (quoting 17 C.F.R. §§ 230.405, 240.12b–2(f))), not merely the "'sheer possibility'" they had such power (MTD Op. at 8 (quoting *Iqbal*, 556 U.S. at 678)). Because Plaintiff fails to do so, its Section 20(a) claims must be dismissed.

### A.    The CCMP Entities Are Not Control Persons.

Plaintiff admits that the CCMP Funds were minority shareholders that appointed a minority of Hayward's Board of Directors (*see* Opp. at 5–7), which is insufficient to allege control person liability as a matter of law (*see id.* at 24 (control person liability requires "allegations of majority shareholder control") (collecting cases); CCMP Br. at 16 (collecting cases)). Plaintiff also does not dispute that it

---

[2] Plaintiff's own authority does not even apply this standard. In *Palladin*, for example, the Section 20(a) claims against the director defendants survived a motion to dismiss because the directors had "actual power or influence" and a "measure of control over" the challenged statements, not merely the "*potential* to influence and direct" those statements. 2006 WL 2460650, at *16 (collecting cases).

failed to allege a single action any CCMP Entity took to control Hayward. Plaintiff cannot point to any allegations in the SAC showing that the CCMP Entities had any role in Hayward's day-to-day business and operations, Hayward's press releases, or Hayward's management's oral statements and presentations. (*See* CCMP Br. at 12–15; Opp. at 19.) Instead, Plaintiff raises five meritless arguments.

*First*, Plaintiff tries, yet again, to improperly treat the CCMP Entities, MSD Entities, and AIMCo—which are indisputably separate entities (*see* SAC ¶¶ 27–34, 38, 40–43)—as "a single group" that owned a "majority of [Hayward's] shares" and appointed "a majority of [Hayward's] Board seats" (Opp. at 9, 20–22, 27). Plaintiff throws around words like "client" and "consortium" (Opp. at 4–6, 27), but cannot point to any "well-pled allegations" that the CCMP Funds, MSD Entities, and AIMCo "act[ed] as a group with respect to their shares" or "agreed . . . to act together with respect to their Stockholder Shares" (*id.* at 19–21). To the contrary, Plaintiff admits in the SAC that the CCMP Entities, MSD Entities, and AIMCo agreed *only* to "use commercially reasonable efforts to coordinate with respect to *the timing and manner of disposition*" of their Hayward stock by providing "reasonable advance notice and consult" before any such sale to "facilitate an orderly process for" the CCMP Funds, MSD Entities, and AIMCo "to sell their shares." (SAC ¶ 323 (quoting Agreement § 2.2(f)).) Plaintiff does not—and cannot—dispute

6

that the Agreement "***does not include coordinated voting***."  (Opp. at 20–21; *see* CCMP Br. at 6, 17–18 (citing Agreement).)

Because the CCMP Funds, MSD Entities, and AIMCo agreed to coordinate the logistics of any sale of Hayward stock in Section 2.2(f) of the Agreement, the immediately following Section 2.2(g) recognized that they "***may*** be deemed to be a group for purposes of Section 13(d) of the Exchange Act." (Opp. at 6, 8–9 (quoting Agreement § 2.2(g); CCMP Schedule 13G (Feb. 8, 2022)).)  When Sections 2.2(f) and 2.2(g) of the Agreement are read together "in context," *Imagine Lifestyles, LLC v. Perry*, 2020 WL 113967, at *4 (D.N.J. Jan. 10, 2020) (collecting cases), it is clear—and Plaintiff does not dispute—that these disclosures use the term "group" as a technical term of art under Section 13(d) of the Exchange Act (*see* CCMP Br. at 18–19.)  Under Section 13(d), a "group" refers to when "two or more persons agree to act together for the purpose of acquiring, holding, voting or disposing of equity securities."  17 C.F.R. § 240.13d–5(b)(1)(i); *see also* 15 U.S.C. § 78m(d)(3). But the Agreement and CCMP's SEC disclosures refer ***only*** to the "disposition of shares" (CCMP Schedule 13G (Feb. 8, 2022); *see also* Agreement §§ 2.2(f)–(g)), and therefore does ***not*** suggest that "CCMP and MSD control[led] Hayward as a group" (Opp. at 8).

Astonishingly, Plaintiff appears to argue that this Court should ignore the plain language of the Agreement and instead accept its mischaracterizations of the

7

Agreement "as true on a motion to dismiss."  (Opp. at 20–21.)  That is not the law. Where, as here, "allegations contained in a complaint are contradicted by the document it cites, the document controls."  *Jeffrey Rapaport M.D., P.A. v. Robin S. Weingast & Assocs., Inc.*, 859 F. Supp. 2d 706, 714 (D.N.J. 2012) (collecting cases). Looking to the Agreement, and not Plaintiff's false allegations, Plaintiff's "allegations of control by virtue of collective ownership are conclusory and unconvincing" and, under Plaintiff's own authority (*see* Opp. at 23, 28), require "dismissing a Section 20(a) claim against a minority shareholder."  *Fouad v. Isilon Sys., Inc.*, 2008 WL 5412397, at *13 (W.D. Wash. Dec. 29, 2008) (distinguishing *No. 84 Employer-Teamster Joint Council Pension Tr. Fund v. Am. W. Holding Corp.*, 320 F.3d 920, 927 (9th Cir. 2003)).[3]

*Second*, Plaintiff continues to misread and selectively quote from Hayward's SEC filings (*see* Opp. at 8–10, 15–17, 19–20), which, contrary to Plaintiff's assertions, do not "admit that CCMP and MSD control Hayward as a group."  In its March 2021 IPO Prospectus and 2021 Form 10-K (filed March 2022), Hayward included routine risk disclosures stating that because the CCMP Funds, MSD

---

[3] Plaintiff also does not dispute that, with respect to the CCMP Entities and AIMCo, the Agreement contains only a limited restriction on AIMCo's right to sell Hayward stock independently before the CCMP Funds have completed a secondary sale after Hayward's IPO—not a voting agreement—which controls over Plaintiff's false allegations that the CCMP Entities and AIMCo should "be treated together" under the Agreement.  (Opp. at 26–27; CCMP Br. at 20–21 (citing Agreement § 2.2(e)).)

Entities, and AIMCo "collectively control a majority of the voting power of shares eligible to vote in the election of our directors," they "have significant influence," which "*may* have the effect of deterring, delaying, or preventing a change of control of the Company, *could* deprive our stockholders of an opportunity to receive a premium for their common stock as part of a sale of the Company and *might* ultimately affect the market price of our common stock." (*Id.* (quoting IPO Prospectus at 45–46, 51; 2021 Form 10-K at 35–37).) This language, which Plaintiff admits uses "conditional words [that] merely illustrate the *potential* effects" (*id.* at 16–17 & n.8), in no way shows that the CCMP Entities, MSD Entities, AIMCo "controlled" Hayward or "own the shares as a group." (*Id.* at 16–17 & n.8, 19–20.)

The bare fact that the CCMP Funds, MSD Entities, and AIMCo "*collectively* control[led] a majority" of Hayward stock necessarily means that each Defendant on its own did *not* control a majority and does *not* suggest that they agreed to act collectively. Plaintiff argues that this makes Hayward "a 'controlled company' within the meaning of the New York Stock Exchange's corporate governance standards" (IPO Prospectus at 1, 17, 20, 51; Form 10-K at 36–37; *see also* Opp. at 3, 9, 15, 20–21), but these have nothing to do with Section 20(a). Plaintiff next argues that "'control' *may* be shown 'through the ownership of voting securities'" (Opp. at 20 (quoting 17 C.F.R. § 230.405)), but it is settled law that "each defendant's control must be evaluated separately" (CCMP Br. at 17 (collecting

9

cases)).  Plaintiff finally argues that "CCMP and MSD had 'significant influence'" over Hayward (Opp. at 2–3, 9, 15–16), but it is also settled law that vague assertions of "influence" by minority shareholders are insufficient to adequately allege control (*see* CCMP Br. at 16 & n.5, 20 (collecting cases).)

Ultimately, Plaintiff has no response to the fact that its "group" theory of control "makes little economic sense." (CCMP Br. at 19 (collecting cases dismissing securities class actions).)  Plaintiff argues that the CCMP Entities and MSD Entities used their purported control over Hayward to "prop[] up the price of the Company stock with misrepresentations" so the CCMP Funds could sell their "holdings in Hayward stock" at "favorable share price[s]."  (Opp. at 11–12.)  But Plaintiff does not—and cannot—dispute that the MSD Entities did ***not*** sell any stock in Hayward's share repurchase program or secondary public offering (*see* CCMP Br. at 19 (citing SAC ¶ 338)), so the MSD Entities had no incentive to "artificially inflate[]" Hayward's stock price (Opp. at 11).

***Third***, Plaintiff rehashes the discredited argument that the CCMP Entities are control persons because three "Director Defendants affiliated with CCMP . . . signed two of Hayward's . . . SEC filings at issue in this case."  (Opp. at 17.)  All of Plaintiff's authority holds only that, at the pleading stage, an ***individual*** "officer or director who has signed" the "SEC filing[s] at issue in this case" may have control over the statements contained in those filings.  (*Id.* at 17–18 (collecting cases).)  But

10

the CCMP Entities did not sign anything.  Plaintiff speculates, without any factual or legal support, that "the CCMP . . . Director Defendants who sat on Hayward's Board were acting on behalf of CCMP" when they signed these SEC filings.  (*Id.* at 18.)  This Court expressly rejected that argument, holding that "no factual allegations suggest that the affiliated Hayward directors signed Hayward's risk disclosures as agents of or on behalf of . . . CCMP.  Nor has Plaintiff identified any authority to support its position that statements made by Hayward's board members in an SEC filing are imputed to . . . CCMP solely based on the allegation that certain board members are affiliated with . . . CCMP."  (MTD Op. at 11–12 (citing *In re Optimal U.S. Litig.*, 2011 WL 4908745, at *5 (S.D.N.Y Aug. 15, 2012)).)

**Fourth**, Plaintiff argues that the CCMP Entities somehow "controlled Hayward's entire business and management" because (1) a single director appointed by the CCMP Funds had **one vote out of three** on "the Nominating and Corporate Governance Committee, which nominated directors to the Board"; (2) over a year before the Class Period began, Hayward's Board appointed a CEO and CFO; and (3) Hayward's Board—like every Board of every company—was "responsible for overseeing and supervising Hayward's management."  (Opp. at 22–23; *see* CCMP Br. at 21–24.)  But Plaintiff does not—and cannot—dispute that the CCMP Funds appointed, at most, 25% of Hayward's Board, which is insufficient to establish control person liability as a matter of law.  (*See* CCMP Br. at 7, 16 (collecting

11

cases).)[4]  Instead, Plaintiff relies on cases concerning whether *individual* "director defendants" were "control persons" (Opp. at 23–24 (collecting cases)), which are irrelevant to whether the CCMP Entities are control persons.

*Finally*, Plaintiff's attempts to distinguish *LLDVF L.P. v. Dinicola*, 2010 WL 3210613 (D.N.J. Aug. 12, 2010), in which the court dismissed control person claims against two minority shareholders that appointed directors (*see* Opp. at 21 n.9, 26, 29), fail.  Plaintiff tries to minimize *LLVDF* as a "single case" (*id.* at 26), but the court in fact applied Third Circuit precedent that "a § 20 claim [is] adequately pled where the allegations 'detailed the manner in which the defendants tightly controlled the business and operations.'"  2010 WL 3210613, at *12 (quoting *In re Suprema Specialties, Inc. Sec. Litig.*, 438 F.3d 256, 286 (3d Cir. 2006)).  The court also cited case law from across the country confirming that "[a]llegations of control" require that "a minority shareholder was 'intimately involved in the drafting and publication of the offering materials at issue.'"  *Id.* (quoting *In re Proxima Corp. Sec. Litig.*,

---

[4] Plaintiff's authority (*see* Opp. at 16) confirms that courts permit control person claims against minority shareholders, such as the CCMP Funds, only in highly unusual circumstances not present here.  *See In re UTStarcom, Inc. Sec. Litig.*, 617 F. Supp. 2d 964, 979 (N.D. Cal. 2009) (denying motion to dismiss control person claims against Softbank because "non-party Masayoshi Son was the President, CEO, Chairman and largest shareholder of Softbank" and "Son also co-founded UTSI and served as UTSI's Chairman of the Board"); *see also Thomas v. Magnachip Semiconductor Corp.*, 167 F. Supp. 3d 1029, 1048–49 (N.D. Cal. 2016) (denying motion to dismiss control person claims because fund was the "majority shareholder" with the "corresponding power to appoint the majority of Magnachip's Board of Directors").

1994 WL 374306, at *14 (S.D. Cal. May 3, 1994); citing *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 308 F. Supp. 2d 249, 274 (S.D.N.Y. 2004)).  Plaintiff did not allege any of this.  Just as in *LLDVF*, Plaintiff "makes no specific allegations" detailing what the CCMP Entities did to control Hayward, does not dispute that the CCMP Entities had "no management responsibility" for Hayward, provides no factual support that the CCMP Entities "controlled their respective directors," and "there is no allegation that [the CCMP Entities] were responsible for controlling the drafting of the" challenged statements.  *Id.* at *13.  Accordingly, "Plaintiff has not sufficiently plead that" the CCMP Entities "were control persons under § 20."  *Id.*[5]

**B.    The CCMP Individual Defendants Are Not Control Persons.**

Plaintiff does not dispute that it cannot identify anything the CCMP Individual Defendants did to control Hayward's operations or business.  (*See* Opp. at 27–29.) Plaintiff also appears to abandon any argument that the CCMP Individual Defendants controlled Hayward's CEO and CFO's oral statements or presentations during earnings calls, Hayward's press releases, or Hayward's quarterly SEC filings on Form 10-Q, which constitute more than 88% (46 of 52) of the statements Plaintiff challenges.  (*See id.*; CCMP Br. at 24–26.)  Plaintiff instead argues that the CCMP

---

[5] Should this Court consider "culpable participation" at the pleading stage, that is yet another reason why the control person claims against the CCMP Entities must be dismissed because Plaintiff failed to allege that the CCMP Entities "reviewed and approved all [allegedly] misleading financial disclosures filed by Hayward."  (Opp. at 24–25.)

13

Individual Defendants can be held liable as control persons for these statements based solely on "allegations of director status" and "membership on board committees." (Opp. at 27–28.) But Plaintiff's own authority (*see id.* at 27) holds that "[s]tatus as directors," and "mere membership" on a Board "committee is insufficient" to "establish control for purposes of Section 20(a)." *Palladin*, 2006 WL 2460650, at *13, *16; (*see also* CCMP Br. at 22–23 (collecting cases)).[6] Thus, at a minimum, Plaintiff's control person claims against the CCMP Individual Defendants based on these 46 challenged statements must be dismissed.

The remaining six challenged statements are contained in two SEC filings that "each of the CCMP . . . Director Defendants signed." (Opp. at 27.) As discussed above (*see supra* at 4), this Court should dismiss Plaintiff's control person claims based on these statements because Plaintiff has not adequately alleged a primary violation of Section 10(b).

## II.   Plaintiff's Opposition Confirms That CCMP Advisors Must Be Dismissed Because It Is An Improper Party.

Plaintiff does not—and cannot—dispute that CCMP Advisors "never bought, sold, or owned any Hayward stock," so all the "allegations in the [SAC] directed at

---

[6] Plaintiff's authority regarding whether "members of [the] company's Audit Committee" are control persons (Opp. at 28–29 (collecting cases)) is irrelevant because none of the CCMP Individual Defendants served on Hayward's Audit Committee (*see* SAC ¶¶ 35–37). Each CCMP Individual Defendant had only minority voting rights on Board committees that are unrelated to this action, which cannot support control person liability as a matter of law. (*See* CCMP Br. at 23–24.)

14

CCMP as a stockholder are attributable to the Funds," not CCMP Advisors. (MTD Op. at 12–13.) Plaintiff instead rehashes its argument that CCMP Advisors is a control person because "each of the ***other*** CCMP entities is affiliated with CCMP Advisors," which is referenced in Hayward's "IPO Prospectus filed with the SEC." (Opp. at 30–31.) This Court expressly rejected that argument, holding that the fact that "the IPO Prospectus states 'Hayward was acquired by "entities affiliated"' with CCMP [Advisors]," does "***not*** justify disregarding corporate structure and treating all CCMP entities as one." (MTD Opp. at 12–13.) While this holding was "in connection with the §10b claims" (Opp. at 30 (citing MTD Opp. at 13)), it is equally applicable to Plaintiff's § 20(a) claims and requires dismissal of CCMP Advisors.

## CONCLUSION

For the foregoing reasons, and the reasons set forth in the CCMP Entities and CCMP Individual Defendants' opening brief and Hayward's motion to dismiss, the Second Amended Complaint should be dismissed in its entirety with prejudice. Dismissal with prejudice "is especially appropriate where," as here, Plaintiff has not requested leave to amend and "has already been given the opportunity to amend the complaint." *In re Avandia Mktg., Sales Pracs., & Prods. Liab. Litig.*, 564 F. App'x 672, 673–74 (3d Cir. 2014) (affirming "dismissal of [Plaintiff's] complaint with prejudice") (citing *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000)).

15

Dated:  March 4, 2025

*/s/ Scott W. Parker*
Scott W. Parker
Marissa Edwards
**PARKER IBRAHIM & BERG LLP**
270 Davidson Avenue, 5th Floor
Somerset, New Jersey 08873
(908) 333-6220

**WILLKIE FARR & GALLAGHER LLP**
Tariq Mundiya (admitted *pro hac vice*)
787 Seventh Avenue
New York, NY 10019-6099
(212) 728-8000

Joshua S. Levy (admitted *pro hac vice*)
1875 K Street, N.W.
Washington, DC 20006-1238
(202) 303-1000

*Attorneys for Defendants CCMP Capital Advisors, LP, CCMP Capital Investors III, L.P., CCMP Capital Investors III (Employee), L.P., CCMP Capital Associates III, L.P., CCMP Capital Associates III GP, LLC, CCMP Capital, LP, CCMP Capital GP, LLC, Greg Brenneman, Mark McFadden, and Timothy Wals*

16