**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CITY OF SOUTHFIELD FIRE AND POLICE RETIREMENT SYSTEM, Individually and on Behalf of Others Similarly Situated, <br><br> Plaintiff, <br> v. <br><br> HAYWARD HOLDINGS, INC., KEVIN HOLLERAN, EIFION JONES, CCMP CAPITAL ADVISORS, LP, and MSD PARTNERS, L.P., <br><br> Defendants. | Civ. No. 2:23-cv-4146 (WJM) <br><br> **ORDER GRANTING PRELIMINARY APPROVAL TO THE CLASS ACTION SETTLEMENT** |

This matter comes before the Court on the unopposed motion of Lead Plaintiff Fulton County Employees' Retirement System, on behalf of itself and the Settlement Class, ("Plaintiff") pursuant to Fed. R. Civ. P. Rules 23(a), 23(b)(3), and 23(e), for (1) preliminary approval of the proposed class action settlement pursuant to the terms and provisions of the Stipulation of Settlement dated January 23, 2026, with attached exhibits ("Settlement" or "Stipulation"), ECF No. 128-2; (2) approval of the plan to notify Settlement Class Members about the proposed settlement; and (3) a hearing date ("Settlement Hearing") to consider the fairness and adequacy of the Settlement and any requests for attorneys' fees, reimbursement of litigation expenses and service award to Lead Plaintiff. ECF No. 128; and

WHEREAS, on January 23, 2026, the Parties[1] to the above-captioned securities fraud

---

[1] As used herein, the term "Parties" means (i) Plaintiff Fulton County Employees' Retirement System ("Lead Plaintiff"), and (ii) the above-captioned Defendants ("Defendants"). On December

1

action ("Action"), entered into the Stipulation of Settlement, which is subject to review by this Court and which, together with the exhibits thereto, sets forth the terms and conditions for the Settlement, which includes a cash payment of $19,850,000 and dismissal of the claims alleged in the Action; and the Court having read and considered the Stipulation and the accompanying documents; and the Parties to the Stipulation having consented to the entry of this Order; and all capitalized terms used herein having the meanings defined in the Stipulation, unless otherwise defined;

NOW, THEREFORE, IT IS HEREBY ORDERED, this 28th day of February, 2026, as follows:

1.    The Court preliminarily finds that:

(a)    The Settlement resulted from informed, extensive arm's-length negotiations, including a mediation among Lead Plaintiff and Defendants under the direction of an experienced mediator, Miles Ruthberg, Esq.;

(b)    The Settlement is sufficiently fair, reasonable, and adequate to warrant providing notice of the Settlement to the Settlement Class;

(c)    Pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure and for the purposes of the Settlement only, the Action is hereby preliminarily certified as a class action on behalf of a Class (the "Settlement Class") consisting of all persons or entities that purchased or otherwise acquired Hayward Holdings, Inc. ("Hayward") common stock between October 27, 2021 and July 28, 2022, inclusive. Excluded from the Settlement Class are Defendants; their respective successors and assigns; the past and current executive officers and directors of Defendants; the Immediate Family Members of the Individual Defendants; and the legal representatives, heirs, successors, or assigns of any excluded person, and any entity in which any of the above excluded persons have or had a direct or controlling ownership interest, and the legal representatives, heirs,

---

19, 2023, the Court consolidated two separately instituted suits (23-cv-4146 and 23-cv-20764) and appointed Lead Plaintiff. ECF Nos. 29, 30.

successors-in-interest or assigns of any such excluded persons or entities. Also excluded will be any person or entity that validly requests exclusion from the Settlement Class;

(d)     Preliminarily and for purposes of this Settlement only, the prerequisites for class certification under Fed. R. Civ. P. 23(a) have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members of the Settlement Class is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Lead Plaintiff are typical of the claims of the Settlement Class it seeks to represent; (d) Lead Plaintiff and Plaintiff's Counsel have and will continue to fairly and adequately protect the interests of the Settlement Class. In addition, the Court finds, preliminarily and for purposes of this Settlement only, that this Action satisfies the requirements for class certification under Fed. R. Civ. P. Rule 23(b)(3) in that common questions of law and fact predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy among the Parties.

(e)     Pursuant to Fed. R. Civ. P. 23(c)(1) and 23(g), preliminarily and for purposes of the Settlement only, Lead Plaintiff is certified as the class representative of the Settlement Class and Scott+Scott Attorneys at Law LLP is appointed as class counsel for the Settlement Class.

2.    A Settlement Hearing is hereby scheduled to be held before the Court at the Martin Luther King Building & U.S. Courthouse, 50 Walnut Street, Courtroom 4B, Newark, NJ, on **July 28, 2026 at 12:00 p.m.,** for the following purposes:

(a)     to determine finally whether the requirements for class action treatment under Fed. R. Civ. P. 23 are satisfied;

(b)     to determine whether the proposed Settlement is fair, reasonable, and adequate and should be approved by the Court;

(c)     to determine whether the Judgment, as provided under the Stipulation, should be entered;

(d)     to determine whether the proposed Plan of Allocation for the distribution of the Net Settlement Fund should be approved by the Court as fair, reasonable, and adequate;

3

(e)    to consider Plaintiff's Counsel's Fee and Expense Application;

(f)    to consider Lead Plaintiff's request for a service award pursuant to 15 U.S.C. §78u-4(a)(4) for its efforts in prosecuting the Action on behalf of the Settlement Class;

(g)    to consider any objections or opt-outs received by the Court; and

(h)    to rule upon such other matters as the Court may deem appropriate.

3.   The Court reserves the right to approve the Settlement with or without modification and with or without further notice to the Settlement Class and may adjourn the Settlement Hearing without further notice to the Settlement Class. The Court reserves the right to enter the Judgment approving the Stipulation regardless of whether it has approved the Plan of Allocation, Plaintiff's Counsel's Fee and Expense Application, and Lead Plaintiff's request for a service award for its representation of the Settlement Class.

4.   The Court approves the form, substance, and requirements of the Notice of Proposed Settlement of Class Action ("Notice"), the Proof of Claim and Release ("Proof of Claim"), and the Summary Notice of Proposed Settlement of Class Action ("Summary Notice"), substantially in the form attached to the Stipulation as Exhibits A-1, A-2, and A-3, respectively.

5.   The Court approves the appointment of A.B. Data Ltd. as the Claims Administrator to supervise and administer the Notice procedure in connection with the proposed Settlement, as well as the processing of Proofs of Claim as more fully set forth below.

6.   The Claims Administrator shall cause the Notice and Proof of Claim to be

4

mailed, by first-class mail, postage prepaid, within twenty-one (21) calendar days of this Order, to all Settlement Class Members who can be identified with reasonable effort. Within fourteen (14) calendar days of this Order, Defendants shall provide, or cause to be provided, to Plaintiff's Counsel and the Claims Administrator, at no cost to Lead Plaintiff or the Settlement Class, the last known names and addresses of all persons who, based on their records, are likely members of the Settlement Class. The Claims Administrator shall use reasonable efforts to give notice to nominee purchasers, such as brokerage firms and other Persons, who purchased or otherwise acquired shares of the Hayward Holdings, Inc. during the Class Period as record owners, but not as beneficial owners. Such nominee purchasers are directed, within fourteen (14) calendar days of their receipt of the Notice, to either forward copies of the Notice and Proof of Claim to their beneficial owners or to provide the Claims Administrator with lists of the names and addresses of the beneficial owners, and the Claims Administrator is ordered to send the Notice and Proof of Claim promptly to such identified beneficial owners. Nominee purchasers who elect to send the Notice and Proof of Claim to their beneficial owners shall send a statement to the Claims Administrator confirming that the mailing was made as directed. Additional copies of the Notice shall be made available to any record holder requesting such for the purpose of distribution to beneficial owners, and such record holders shall be reimbursed from the Settlement Fund, upon receipt by the Claims Administrator of proper documentation, for the reasonable expense of sending the Notice and Proof of Claim to beneficial owners.

7.      The Claims Administrator shall cause the Summary Notice to be published

5

once over *PR Newswire* (a national newswire service), within ten (10) calendar days after the mailing of the Notice.

8.    The Claims Administrator shall notify all Settlement Class Members of any changes of the Settlement Hearing by posting notice of the changes on the Settlement Website, www.HAYWSecuritiesLitigation.com.

9.    Plaintiff's Counsel shall, at least seven (7) calendar days before the Settlement Hearing, file with the Court and serve on the Parties proof of mailing of the Notice and Proof of Claim and proof of publication of the Summary Notice.

10.    The form and content of the Notice and the Summary Notice, and the method set forth herein of notifying the Settlement Class of the Settlement and its terms and conditions, meet the requirements of Fed. R. Civ. P. 23, due process, and all other applicable laws, and constitutes the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto and are reasonably calculated under the circumstances to describe the terms and effect of the Settlement and to apprise the Settlement Class Members of their right to object to the proposed Settlement and to exclude themselves from the Settlement Class. No Settlement Class Member will be relieved from the terms and conditions of the Settlement, including the releases provided pursuant thereto, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice.

11.    In order to be entitled to participate in the Net Settlement Fund, in the event the Settlement is consummated in accordance with the terms set forth in the Stipulation, each

6

Settlement Class Member shall take the following actions and be subject to the following conditions:

(a)    Within ninety (90) calendar days after such time as set by the Court for the Claims Administrator to mail the Notice to the Settlement Class, each Person claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim, substantially in the form attached as Exhibit A-2 to the Stipulation, signed under penalty of perjury and supported by such documents as specified in the Proof of Claim and as are reasonably available to the Authorized Claimant.

(b)    Except as otherwise ordered by the Court, all Settlement Class Members who fail to timely submit a Proof of Claim within such period, or such other period as may be ordered by the Court, shall be forever barred from receiving any payments pursuant to the Stipulation and Settlement set forth therein, but will, in all other respects, be subject to and bound by the provisions of the Stipulation, the releases contained therein, and the Final Judgment. Notwithstanding the foregoing, the Claims Administrator may, in its discretion, accept for processing late-submitted claims, so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed. The Claims Administrator may also, in its discretion, waive what it deems to be *de minimis* or formal or technical defects in any Proof of Claim submitted. No Person shall have any claim against Lead Plaintiff, Plaintiff's Counsel, or the Claims Administrator by reason of the decision to exercise such discretion whether to accept late-submitted or technically deficient claims. In connection with processing the Proofs of Claim, no discovery shall be allowed on the merits of the Action or Settlement.

(c)    As part of the Proof of Claim, each Settlement Class Member shall submit to the jurisdiction of the Court, with respect to the claim submitted, and shall (subject to effectuation of the Settlement) release all Released Claims as provided in the Stipulation.

12.    Settlement Class Members shall be bound by all determinations and judgments in the Action, whether favorable or unfavorable, unless they request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided. A Settlement Class Member wishing to make such request shall mail or deliver a request for exclusion in written

form by first-class mail, postage prepaid, or by private delivery service, so that it is postmarked or marked as submitted for delivery no later than May 20, 2026, which is sixty (60) calendar days after the date set for the initial mailing of the Notice to Settlement Class Members, to the address designated in the Notice. Such request for exclusion shall clearly indicate the name, address, telephone number, and email address of the Person seeking exclusion and that the sender requests to be excluded from the Settlement Class, and must be signed by such Person. Such Persons requesting exclusion must also state the date(s), price(s), and number of Hayward Holdings, Inc. shares that they purchased or otherwise acquired during the Class Period, as well as information sufficient to identify any sales or redemptions of such shares that they completed. The request for exclusion shall not be effective unless it is made in writing within the time stated above, and the exclusion is accepted by the Court. Settlement Class Members requesting exclusion from the Settlement Class shall not be entitled to receive any payment out of the Net Settlement Fund, as described in the Stipulation and Notice.

13.    The Court will consider objections to the Settlement, Plan of Allocation, service award to Lead Plaintiff, and/or award of attorneys' fees and expenses. Any Person wanting to object must do so in writing and may also appear at the Settlement Hearing. To the extent any Person wants to object in writing, such Person must file with the Court a statement of objection signed by the objector, even if represented by counsel, setting forth: (i) whether the person is a Settlement Class Member, accompanied by proof of Settlement Class membership; (ii) to which part of the Settlement Agreement the Settlement Class Member

8

objects; and (iii) the specific reason(s), if any, for such objection including any legal support the Settlement Class Member wishes to bring to the Court's attention and any evidence the Settlement Class Member wishes to introduce in support of such objection. Such objections and any supporting papers, accompanied by proof of Settlement Class membership, shall be filed with the United States District Court for the District of New Jersey, Martin Luther King Building & U.S. Courthouse, 50 Walnut Street, Courtroom MLK 4B, Newark, New Jersey 07101, no later than May 20, 2026, which is sixty (60) calendar days after the date set for the initial mailing of the Notice to the Settlement Class, and copies of all such papers shall be served on each of the following: Max Schwartz, Scott+Scott Attorneys at Law LLP, The Helmsley Building, 230 Park Avenue, 24th Fl., New York, New York 10169, on behalf of Lead Plaintiff and Settlement Class, and Kevin M. McDonough, Latham & Watkins LLP, 1271 Avenue of the Americas, New York, NY 10020, on behalf of Defendants. Persons who intend to object in writing to the Settlement, Plan of Allocation, Fee and Expense Application, and/or Lead Plaintiff's request for a service award for representing the Settlement Class, and desire to present evidence at the Settlement Hearing, must include in their written objections copies of any exhibits they intend to introduce into evidence at the Settlement Hearing. If an objector hires an attorney to represent them for the purposes of making an objection, the attorney must both effect service of a notice of appearance on counsel listed above and file it with the Court by no later than May 20, 2026, which is sixty (60) calendar days after the date set for the initial mailing of the Notice to the Settlement Class. A Settlement Class Member who files a written objection does not have to appear at the Settlement Hearing for the Court to consider the objection. If the Settlement Class Member intends to appear at the Settlement

9

Hearing, the Settlement Class Member shall identify any witnesses they may seek to call and exhibits they intend to offer at the Settlement Hearing in the papers served, as set forth above, no later than May 20, 2026, 2026, which is sixty (60) calendar days after the date set for the initial mailing of the Notice to the Settlement Class. Any Settlement Class Member who does not make their objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the Settlement, Plan of Allocation, service award to Lead Plaintiff, and/or award of attorneys' fees and expenses, unless otherwise ordered by the Court.

14.    Any Person that submits a request for exclusion may thereafter submit to the Claims Administrator or Plaintiff's Counsel a written and signed revocation of that request for exclusion, provided that it is received no later than two (2) calendar days before the Settlement Hearing, in which event that Person will be included in the Settlement Class.

15.    All papers in support of the Settlement, Plan of Allocation, and Fee and Expense Application by Plaintiff's Counsel and a service award to Lead Plaintiff shall be filed fourteen (14) calendar days prior to the deadline in ¶13 for objections to be filed. All reply papers shall be filed and served at least seven (7) calendar days prior to the Settlement Hearing.

16.    All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

17.    All Taxes, Tax Expenses, and Notice and Administration Expenses shall be paid as set forth in ¶¶2.9 and 2.11 of the Stipulation without further approval of Defendants or further order of the Court. In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither Lead Plaintiff nor Plaintiff's Counsel shall have any obligation to repay any amounts actually and properly disbursed from the Settlement Fund, except as provided for in the Stipulation.

18.    If the Settlement is terminated as set forth in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, then, in any such event, the Stipulation, including any amendment(s) thereof, shall be null and void and of no further force or effect (except to the extent otherwise expressly provided in the Stipulation), without prejudice to any Party, and may not be introduced as evidence or referred to in the Action, or any action or proceeding by any Person for any purpose, and each Party shall be restored to his, her, or its respective position as it existed on December 18, 2025.

19.    Neither the Stipulation nor the terms of the Settlement, nor any of the negotiations or proceedings connected with it, nor this Order, shall be construed as an admission or concession by Defendants of the truth of any of the allegations in the Action or of any liability, fault, or wrongdoing of any kind.

20.    The Court may adjourn or continue the Settlement Hearing without further written notice.

21.    The Court retains exclusive jurisdiction over the Action to consider all further

11

matters arising out of or connected with the Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Settlement Class.

22.    Based on the foregoing, the schedule for the Final Approval Hearing and the deadlines preceding the Hearing are summarized as follows:

| Event | Deadline for Compliance |
|---|---|
| Defendants to provide shareholder records | No later than fourteen (14) calendar days after the entry of the Preliminary Approval Order. Preliminary Approval Order, ¶6. |
| Mailing of Notice | No later than twenty-one (21) calendar days after the entry of the Preliminary Approval Order (the "Notice Date"). *Id.*, ¶6. |
| Publication of Summary Notice | No later than ten (10) calendar days after the Notice Date. *Id.*, ¶7. |
| Date for Lead Plaintiff to file papers in support of the Settlement, the Plan of Allocation and the application for attorneys' fees and expenses | No later than fourteen (14) calendar days before the deadline for objections. *Id.*, ¶15. |
| Filing deadline for objections and requests for exclusion | No later than sixty (60) calendar days after the Notice Date. *Id.*, ¶¶12, 13. |
| Date for Lead Plaintiff to file reply papers in further support of the Settlement, the Plan of Allocation and for application for attorneys' fees and expenses | No later than seven (7) calendar days before the Settlement Hearing. *Id.*, ¶15. |
| Date for Settlement Hearing | July 28, 2026 at 12:00 PM. *Id.*, ¶2. |

| Date for Claims to be Filed | Postmarked or submitted electronically no later than ninety (90) calendar days after the Notice Date. *Id.*, ¶11(a). |
|---|---|

SO ORDERED:

Date: _____2/28/26_____

_____
Honorable William J. Martini United States District Judge

13